Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 4741 | DATE | 12/7/2000 |
| CASE TITLE | Vincent Boggan vs. James A. Chrans | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Petitioner Vincent Boggan's motion to strike respondent's motion to dismiss(11) is denied. Respondent James A. Chran's motion to dismiss (9) is granted. Petitioner's petition for a writ of habeas corpus(1) is dismissed with prejudice. Enter memorandum and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | DEC 07 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 18 |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 DEC -7 PM 2: 21 | date mailed notice | |
| SLB | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

VINCENT BOGGAN, )
)
Petitioner, )
) No. 00 C 4741
-vs- )
) JUDGE GEORGE W. LINDBERG
JAMES A. CHRANS, )
)
Respondent. )

DOCKETED
DEC 0 7 2000

## MEMORANDUM AND ORDER

Respondent James A. Chrans moves to dismiss petitioner Vincent Boggan's habeas corpus petition as untimely. Petitioner has moved to strike respondent's motion to dismiss. The motion to strike is denied. However, paragraphs 10-13 of that motion are responsive to respondent's motion to dismiss and will be considered in connection with that motion. For the following reasons, the Court grants respondent's motion to dismiss the petition for writ of habeas corpus.

This Court presumes that the factual determinations of the state court are correct. See 28 U.S.C. § 2254(e)(1). Petitioner is a prisoner in the custody of respondent, the Warden of the Joilet Correctional Center. In the spring of 1988, petitioner was charged with seventeen separate armed robberies, which took place over a period of two months. Petitioner was tried on four of the 17 counts in four separate jury trials. He was found guilty after all four trials. Following the first trial (88 CR 6846), petitioner was sentenced to 30 years' imprisonment. Following the second trial (88 CR 6845), petitioner was sentenced to 30 years' imprisonment to run consecutively to the 30-year sentence imposed after the first trial. Following the third trial (88

/a

CR 6842), petitioner was sentenced to 15 years' imprisonment to run consecutively to the sentences imposed after the two previous trials. Following the fourth trial (88 CR 6841), petitioner was sentenced to 60 years' imprisonment, to be served concurrently with the sentences imposed after the three previous trials. Therefore, petitioner was sentenced to an aggregate of 75 years' imprisonment after the four trials had concluded.

All four convictions and sentences were affirmed on direct appeal. The Illinois Appellate Court ("Illinois Appellate Court") affirmed the first case ( 88 CR 6846) in People v. Boggan, 217 Ill. App. 3d 1103 (1991) (No. 1-89-0029) (unpublished order), and the Illinois Supreme Court denied petitioner's petition for leave to appeal this decision on February 5, 1992. The Illinois Appellate Court affirmed the other three cases (88 CR 6845, 88 CR 6842 and 88 CR 6841) in People v. Boggan, 221 Ill. App. 3d 1110 (1991) (No. 1-89-1165) (unpublished order), and the Illinois Supreme Court denied petitioner's "motion [sic] for leave to appeal" this decision on March 27, 1992. People v. Boggan, No. 1-98-2631 (2000), slip. op. at 2.

Petitioner then sought relief under the Illinois Post-Conviction Hearing Act. 725 ILCS § 5/122-1 et seq. (West 1992). In a pro se petition filed February 23, 1993, petitioner sought to overturn three separate convictions for armed robbery (88 CR 6841, 88 CR 6845 and 88 CR 6846). Petitioner's petition was dismissed on April 19, 1994, and that judgment was affirmed on direct appeal.

On May 17, 1995, petitioner filed an amended post-conviction petition. He claimed he had been unconstitutionally sentenced to 135 years' imprisonment on his four convictions when the State's Attorney's office had initially offered to recommend that he be sentenced to 25 years

on all 17 charges of armed robbery in exchange for his pleas of guilty. The State filed a motion to dismiss petitioner's petition. The post-conviction court granted that request, finding that petitioner had failed to make a substantial showing that his constitutional rights had been violated.

Petitioner appealed the dismissal of his post-conviction petition without an evidentiary hearing on his constitutional claim that the court had imposed a greater punishment merely because he exercised his right to a jury trial. The Illinois Appellate Court affirmed. Petitioner filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on February 4, 1998.

On May 22, 1998, petitioner filed a "successive post-conviction petition" claiming that he was denied due process of law and his right to trial by jury when the trial court sentenced him to prison terms several times higher than those originally offered in the plea proposals because he exercised his right to trial by jury. The post-conviction court summarily dismissed petitioner's petition, finding petitioner was not entitled to file a second petition and that this petition was filed beyond the statute of limitations. On February 16, 2000, the Illinois Appellate Court affirmed. Petitioner then filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on May 31, 2000.

On July 26, 2000, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss petitioner's habeas corpus petition as untimely. Under 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 habeas petitions. Section 2244(d), which became effective on April 24, 1996, provides, in relevant part:

00 C 4741

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In the instant case, petitioner's petition for leave to appeal to the Illinois Supreme Court for his first case (88 CR 6846) was denied on February 5, 1992. Since petitioner did not file a petition for writ of certiorari in the United States Supreme Court, this judgment became final 90 days later on May 5, 1992. See Gonzalez v. DeTella, 6 F.Supp.2d 780, 781-82 (N.D. Ill. 1998), rev'd on the other grounds, 202 F.3d 273, 1999 WL 1100223 (7th Cir.). Petitioner's petition for leave to appeal to the Illinois Supreme Court from the Illinois Appellate Court judgment affirming his last three cases (88 CR 6845, 88 CR 6842 and 88 CR 6841) was denied on March 27, 1992. Because petitioner did not file a petition for writ of certiorari in the United States Supreme Court, these judgments became final 90 days later on June 25, 1992. See id. Consequently, the judgments in all four of petitioner's cases were final by June 25, 1992.

However, since petitioner had a properly filed post-conviction petition pending when § 2244(d) was enacted, petitioner's one-year statute of limitations for filing his § 2254 habeas petition did not begin until February 4, 1998, when the Illinois Supreme Court denied the petition for leave to appeal the denial of the post-conviction petition. See Gendron v. United

4

00 C 4741

States, 154 F.3d 672, 675 (7th Cir. 1998). Therefore, petitioner's habeas corpus petition was due on or before February 4, 1999. Petitioner's habeas corpus petition was filed on July 26, 2000, which is over one year and five months after the statute of limitations had expired.

Petitioner's successive post-conviction petition did not toll the statute of limitations because it was not properly filed. In Artuz v. Bennett, 121 U.S. 361, 364 (2000), the Supreme Court established the following standard to determine whether an application is properly filed for purposes of 28 U.S.C. § 2244(d)(2):

> [A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, *the time limits upon delivery*, the court and office in which it must be lodged, and the requisite filing fee.

(Emphasis added.)

In the instant case, the two Illinois state courts that heard petitioner's successive post-conviction petition dismissed the petition because it was filed after the Illinois statute of limitations had expired. See 725 ILCS § 5/122-1 (West 1998). The Illinois circuit court summarily dismissed petitioner's petition, finding petitioner was not entitled to file a second petition and that this petition was filed beyond the statute of limitations. The Illinois Appellate Court affirmed, finding "no error in the trial court's determination that defendant was not entitled to pursue yet another post-conviction petition . . . ." People v. Boggan, No. 1-98-2631 (2000), slip. op. at 11. In its decision, the Illinois Appellate Court specifically noted that the circuit court "properly took account of the timeliness issue at the initial stage of the proceedings" and that the trial court's determination that the petition was filed outside the statute of limitations was

5

00 C 4741

"supported by the record." Id. at 7. Consequently, since petitioner did not file the petition with the Illinois state court within the required time limits, the petition was not properly filed. Artuz, 121 U.S. at 364.

ORDERED: Petitioner Vincent Boggan's motion to strike respondent's motion to dismiss [11] is denied. Paragraphs 10 through 13 are construed to be petitioner's response to respondent's motion to dismiss and the arguments therein are considered in connection with that motion.

Respondent James A. Chrans's motion to dismiss [9] is granted. Petitioner's petition for a writ of habeas corpus [1] is dismissed with prejudice.

Judgment dismissing the petition for writ of habeas corpus with prejudice will be set forth on a separate document and entered in the civil docket. Federal Rules of Civil Procedure 58, 79(a).

ENTER:

GEORGE W. LINDBERG
District Judge

DATED: DEC 0 6 2000

6